SEND
-O-

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA C. HOLBERT, | Case No. CV 05-8713-OP |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION; ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation filed on August 9, 2006.[2]

///
///
///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 5, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("JS") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ's finding that Plaintiff can perform a slightly reduced range of light work, "including the ability to stand or walk four hours a day," is supported by substantial evidence and based on a legally proper evaluation of the testimony and of the treating source evidence (JS at 14); and

2. Whether the ALJ's decision to entirely disbelieve Plaintiff's claims is supported by substantial evidence. (JS at 19.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///

///

# III.

# DISCUSSION

**A.  The ALJ's Finding that Plaintiff Can Perform a Reduced Range of Light Work Is Supported by Substantial Evidence.**

Plaintiff claims that the ALJ's decision that Plaintiff can perform a reduced range of light work was based on insufficient evidence because the ALJ specifically found Plaintiff was capable of standing or walking for four hours in an eight hour work day.  (JS at 15,[3] 16.[4])

Plaintiff misstates the ALJ's findings which provide as follows:

> The claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of [light] work *except* for . . . standing and walking more than four hours total in an eight-hour day.
>
> . . . The claimant's residual functional capacity for the full range of light work is reduced by the limitations set forth . . . above.

(AR at 22-23 (emphasis added).)  Thus, contrary to Plaintiff's position, the ALJ did not specifically find that Plaintiff was able to remain on her feet for four hours a day – in fact, he found she was not able to do so.

Substantial evidence supports the ALJ's residual functional capacity finding.  First, the ALJ noted that the vocational expert testified that:

> [A] hypothetical individual of the claimant's age,

---

[3] "[T]he ALJ saw fit to find Ms. Holbert capable of a reduced range of exertionally light work:  specifically that she can stand or walk for four hours in an eight hour workday (AR 21)."

[4] "In finding that she can remain on her feet for four hours a day, the ALJ can point to no affirmative evidentiary support."

education, and vocational profile, with a residual functional capacity to perform light work, lifting and carrying up to 10 pounds occasionally, and 10 pounds frequently, standing and walking up to four hours total in an eight-hour day, sitting up to six hours total in an eight-hour day, with no more than occasional climbing of ropes, ladders, or scaffolds, no more than frequent postural activities, or more than frequent handling and fingering, could *not* perform the claimant's past relevant work [as a data entry clerk].

(AR at 21 (emphasis added); see also AR at 387-93.)  The ALJ further considered the vocational expert's testimony that such a hypothetical individual could perform the job of receptionist, "a sedentary job requiring *less* standing and/or walking" and only occasional fingering.  (Id. (emphasis added).)

In addition to the vocational expert's testimony, the ALJ also took into account Plaintiff's testimony and other medical record evidence showing that Plaintiff's "primary complaints" have been regarding pain in her legs and feet. (AR at 21.)  The treating physician, Dr. Nighat Sarwar, found Plaintiff had decreased sensation to pinprick in her feet up to the knees and in her hands at the wrists.  (AR at 107).  Dr. Sarwar also noted that Plaintiff had slight difficulty walking in tandem.  (Id.)  The ALJ noted that the record reflected that these particular symptoms had worsened over time.  (AR at 19; see AR at 181, 204, 207). The ALJ repeatedly acknowledged Plaintiff's complaints of pain in her lower extremities and that she had been diagnosed with polyneuropathy for which she was taking various medications.  (AR at 19, 20, 21, 22).  Although the ALJ's adverse credibility determination impacted particularly on Plaintiff's testimony regarding her complaints of pain in her hands and arms (AR at 21), the ALJ generally conceded the existence of medical and testimonial evidence relating to the ongoing problems with her legs and feet.  (AR at 21, 22; see also Part III. B, infra.).  To the extent that Plaintiff alleged disability, however, the ALJ did not find her testimony credible.  (AR at 20.)

Notwithstanding his adverse credibility determination, the ALJ did not completely discount Plaintiff's testimony regarding the pain in her hands and arms. The ALJ rejected the agency's finding that Plaintiff was capable of medium work which would require lifting up to twenty-four pounds occasionally and ten pounds frequently (AR at 21 & Ex. 6F at 5), and although his hypothetical to the vocational expert contemplated an individual who could perform no more than frequent handling and fingering, the ALJ ultimately determined that Plaintiff could not perform that level of handling and fingering, i.e., finding she was capable of "no more than occasional fine fingering and frequent handling." (AR at 21, 22.)

Accordingly, substantial evidence supports the ALJ's actual findings of a residual functional capacity for light work reduced by the limitations set forth in his findings which include the inability to stand and walk more than four hours in an eight-hour day.

**B.    The ALJ's Credibility Determination Is Supported by the Record.**

Plaintiff claims the ALJ improperly disbelieved Plaintiff's allegations regarding the nature and extent of her symptoms. (JS at 20, 22.) This Court does not agree.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Even where the medical evidence of record establishes the presence of a physical condition with which some pain ordinarily is associated, the existence of some pain does not constitute a disability, if the claimant is not thereby prevented from working. See Thorn v. Schweiker, 694 F.2d 170, 171 (8th Cir. 1982) ("A showing that [claimant] had a back ailment alone would not support a finding that she was disabled unless the limitations imposed by the back ailment prevented her from engaging in substantial, gainful activity."); see also Adams v. Flemming, 276 F.2d 901, 904 (2d Cir. 1960); Thedorf v. Califano, 440 F. Supp. 1328, 1334 (N.D. Cal. 1977).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

The Court concurs with the Commissioner that substantial evidence supported the ALJ's credibility determination. The ALJ's finding that Plaintiff was not fully credible was based in part on her report to the consultative examiner that she dressed and bathed independently, managed money, performed light housework, and worked in her garden, which the ALJ found to be inconsistent with her testimony at the hearing that she performed only very minimal activities of daily living. (AR at 22.) The ALJ could properly rely on Plaintiff's daily activities in support of his adverse credibility determination. See, e.g., Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (ALJ may properly consider inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, and claimant's daily activities and inconsistences in claimant's testimony); Morgan v. Apfel, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (daily activities inconsistent with total disability undermined subjective testimony of disabling pain); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and inconsistencies in claimant's testimony); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ may properly rely on daily activities inconsistent with claim of disabling pain).

The ALJ also based his credibility determination on the fact that Plaintiff's reports to her various physicians and others regarding the extent of her alcohol use and abuse also were inconsistent. (AR at 22.) While conflicting or inconsistent testimony concerning alcohol use can contribute to an adverse credibility finding, in this case it cannot justify such a finding alone and without further corroboration or explanation. Robbins v. Social Security Administration, 466 F.3d 880, 884 (9th Cir. 2006). As discussed below, there is scant corroboration in the record.

Here, the ALJ repeatedly acknowledged Plaintiff's complaints regarding pain in her lower extremities. There is no indication, as suggested by Plaintiff, that the ALJ "entirely disbelieve[d]" her complaints with respect to that pain. (JS at 19.) In fact, the ALJ specifically rejected a state agency medical consultant's opinion that Plaintiff was capable of medium-level work. (AR at 20, 21.) The ALJ also recognized Plaintiff's inability to stand and walk for four hours of an eight-hour day. (AR at 22-23.)

What the ALJ specifically found "not completely credible" was Plaintiff's testimony regarding her "inability to use her hands, as the record does not support these allegations." (AR at 21.) While noting that neuropathy can cause pain in the hands and arms, the ALJ also pointed out that the medical record reflected that Plaintiff complained "almost exclusively" about the pain in her legs. (Id., citing AR Exs. 1F, 7F, and 8F.) It was in this context and on the issue of the pain in her hands and arms that the ALJ focused his finding that Plaintiff was not "fully credible" given the facts that her reports to the consultative examiner regarding Activities of Daily Living conflicted with her hearing testimony on this issue, and that her reports to her various physicians and others regarding her alcohol use and abuse were inconsistent. (AR at 22.)

Although finding Plaintiff's allegations "not fully credible," the ALJ credited Plaintiff's complaints regarding lower limb pain by reducing the range of

7

her ability to perform light work in light of her limitations.[5] Consequently, the ALJ noted that Plaintiff retained the ability to perform a sedentary job such as receptionist which would require "even less" standing and walking (than the full range of light work) and "no more than occasional fine fingering and frequent handling." (AR at 21.) As discussed in Part III.A, supra, the ALJ specifically found that Plaintiff was *not* able to stand or walk more than four hours total in an eight-hour day. (AR at 22.)

Accordingly, the Court finds that the ALJ's credibility determination was based on substantial evidence and a proper application of legal standards.

## IV.

## **ORDER**

IT THEREFORE IS ORDERED THAT Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: July 3, 2007

HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[5] "The claimant has the residual functional capacity to perform the physical exertion . . . of [light] work . . . *except for* . . .standing and walking more than four hours total in an eight-hour day, . . .and [*except for*] more than frequent handling and fingering." (AR at 22-23 (emphasis added).)